## Blythe Township Election.

*Election law—Opening of ballot-boxes—Substantial error—Act of April 23, 1927.*

1. Under the Act of April 23, 1927, P. L. 360, relating to the opening of ballot-boxes, there is a substantial error where it appears that a candidate for a local office was nominated on several tickets and that the election board computed the total vote for such candidate on all the tickets on which he ran as a candidate, but did not state on the triplicate return-sheet the number of votes that he received on each of the respective tickets.

2. Not to indicate the respective party votes cast for a candidate running on more than one ticket is a failure to make a proper return, because a political party may thereby lose its right to a column on the primary ticket for the nomination of candidates for the next election.

Petition to open ballot-box. C. P. Schuylkill Co., Nov. T., 1927, No. 862.

KOCH, J., Nov. 21, 1927.—This proceeding is based on the provisions of an act entitled "An act providing for the opening of ballot-boxes after general, municipal, special and primary elections, upon petition to the Court of Common Pleas, or a judge thereof, under certain circumstances, and imposing certain duties in connection therewith upon the court, the prothonotary and the county treasurer," approved April 23, 1927.

A requisite number of persons presented their petition, in which they averred that they are qualified electors of Blythe Township, Silver Creek District, in this county, and that upon information which they consider reliable they believe that fraud was committed in the computation of the votes cast in the said election district, or in the marking of the ballots or otherwise in connection with such ballots at the municipal election which was held in said district on Tuesday, Nov. 8, 1927, and we ordered that, upon payment of $50 to the prothonotary, conditioned as required by said act, the sheriff should take into custody the ballot-box of said district and bring it into court. The ballot-box having been brought into court, the same was opened by the court, and the votes were carefully recounted by clerks appointed by the court. It was found that the election officers of said district had not counted one ballot because it was marked with a cross made with ink in the square back of a certain party name in the first column of the ballot. The ballot was produced and the votes thereon were counted in court for the candidates indicated. All the votes for the respective candidates voted for at said election in said district were carefully counted, and the result thereof showed slight differences in the total votes cast for some candidates when compared with the returns of the election board. But no intentional or actual fraud was committed by said board in the computation of the votes cast or in the marking of the ballots. However, substantial error appears in the counting of the ballots by the said board, in this, that where a candidate for a local office was nominated on several tickets, the election board computed the total vote for such candidate on all the tickets that he ran on as a candidate, and did not state on the triplicate return-sheet the number of votes that he received on each of the said respective tickets. For the purpose of illustration, take the votes for Morrison Matthews, a candidate for justice of the peace on the Republican, the Democratic and the Citizens tickets. The report of the election board gives him a total of 193 votes. The recount shows that he received 66 Republican votes, 121 Democratic votes and one Citizens vote, or 188 votes in all. An error of 5 votes was made in the total. James Layman received 170 votes for registry assessor, but the recount shows that 51 were votes on the Republican ticket and 119 on the Democratic ticket. George Nimrod

received 19 votes in all for the office of judge of election, but the return of the election board shows that the 19 votes are composed of 16 on the Citizens ticket and 3 on the Equal Tax ticket. A substantial error also appears in the total votes cast for J. W. Geary for county surveyor. According to the return of the election board, he received 202 votes, but, according to the recount, he received 192 votes, there being a difference of 10 votes in the number of Democratic votes counted. Not to indicate the respective party votes cast for a candidate running on more than one ticket is a failure to make a proper return, because a political party may thereby lose its right to a column on the primary ticket for the nomination of candidates for the next election. Such an omission may be considered as a constructive or legal fraud, because it not only violates a settled rule of public policy, but it violates what the law clearly contemplates and requires to be done. The recount was predicated entirely upon the petitioners' belief that fraud was committed in the computation of the votes cast, or in the marking of the ballots or otherwise. But I find no intentional fraud, either in the computation of the votes cast or in the marking of the ballot, but the omission to indicate how many votes were cast by the respective parties that nominated the same candidates constitutes constructive fraud within the meaning of the word "otherwise."

In order that the ballot-box and the contents thereof may be available as evidence in any prosecution which may be begun against any person or persons alleged to be guilty of said constructive or legal fraud, it is ordered that the sheriff retain custody of the said ballot-box until the further order of the court. And, further, it is certified to the prothonotary that substantial error was committed in the computation of the votes cast on the ballots.

From M. M. Burke, Shenandoah, Pa.